EARL R. CALLICUTT v. AMERICAN HONDA MOTOR COMPANY, INC.

No. 7718SC780

(Filed 11 July 1978)

**Pleadings § 34; Rules of Civil Procedure § 15.1— refusal to allow amendment to add party defendant**

> In an action against a corporation to recover damages based on the negligent manufacture of a motorcycle, the trial court did not abuse its discretion in refusing to allow plaintiff to amend his complaint to add a second corporation as a party defendant where plaintiff's claim against the second corporation would not "relate back" to the original pleading under G.S. 1A-1, Rule 15(c) and would be barred by the statute of limitations.

APPEAL by plaintiff from *Albright, Judge*. Order entered 15 July 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 June 1978.

Plaintiff filed this civil action on 23 November 1976 alleging that he was injured on 2 March 1974 while operating a 1973 Honda motorcycle owned by one James R. Cline; that the defendant, American Honda Motor Company, Inc. ("American Honda"), manufactured and sold the motorcycle and was responsible for negligent design, negligent manufacture and assembly, negligent inspection, negligent testing, and negligent failure to warn plaintiff of the danger of said motorcycle. Plaintiff further alleged a cause of action based upon breach of warranty. Defendant answered admitting that it had manufactured and sold the motorcycle but denied negligence and breach of warranty. On 9 March 1977, partial summary judgment was allowed dismissing plaintiff's claim based upon breach of warranty. Plaintiff did not object or except to this order dismissing his cause of action based on breach of warranty. On 13 May 1977, after the statute of limitations had expired, defendant, American Honda, moved to amend its answer in order to admit that it had sold the motorcycle, but to deny that it had manufactured it. Defendant asserted that its counsel had recently discovered that the motorcycle was manufactured by Honda Motor Company, Ltd. ("Honda, Ltd."). Judge Walker (Hal H.) allowed defendant's motion to amend its answer on 16 May 1977. On 3 June 1977, Judge Walker denied plaintiff's motion to reconsider his order of 16 May 1977 allowing defendant's motion to amend its answer. Plaintiff did not object

or except to either of the two orders of Judge Walker. On 7 June 1977, plaintiff moved the court to add Honda, Ltd. as a party defendant. Judge Albright entered order denying plaintiff's motion on 15 July 1977. From this order, plaintiff appealed.

*William N. Martin, for plaintiff appellant.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Joseph E. Elrod III and Kenneth R. Keller, for defendant appellee.*

ERWIN, Judge.

This case presents one question for our determination: Did the trial court err in denying plaintiff appellant's motion to add Honda, Ltd. as a party defendant? From the record before us, we are compelled to answer the question in the negative and affirm the order entered by the trial court.

In essence, plaintiff sought leave of court to amend his complaint pursuant to G.S. 1A-1, Rule 15(a) to add Honda, Ltd. as a party defendant. At the point amendment was sought, plaintiff's right to amend as a matter of course under Rule 15(a) had expired in that defendant had previously answered. Under Rule 15(a), ". . . leave shall be freely given when justice so requires." The discretion of the trial court is not absolute. *See Foman v. Davis*, 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962). However, leave to amend is not to be granted automatically, but rather only "when justice so requires."

Here we find no abuse of discretion. Both parties submitted memoranda on the issue, which were considered by the trial court. The United States Supreme Court in *Foman v. Davis, supra*, held that outright denial of leave to amend constitutes an abuse of discretion unless a justifying reason appears for such denial. The Court observed that futility of amendment is such a reason. It appears that the statute of limitations would be a valid defense to plaintiff's action against Honda, Ltd., unless "relation back" would obtain under Rule 15(c), which reads:

> "(c) *Relation back of amendments.*—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the tranactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

This Court held in *Teague v. Motor Co.*, 14 N.C. App. 736, 739, 189 S.E. 2d 671, 673 (1972), with Judge Campbell speaking for the Court:

> "Plaintiff's argument is without merit. Not only was a misnomer used for appellee's name, but, more importantly, the complaint was served on the wrong party. Appellee Rabb & York, Inc., had no notice of the action until the amended complaint was filed on 7 December 1970. Rule 15(c) provides that a claim asserted in an amended pleading relates back to the original pleading, 'unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.' To whom must notice be given? The obvious answer is that the claim asserted in the amendment must be against one given notice in the original pleading of the transactions to be proved. Such notice was not given in this case and we believe that the clear words of the statute prevent the amended complaint from relating back to the original complaint.
>
> While we find no North Carolina cases under the Rules of Civil Procedure on this point, we find a number of Federal cases to which we look for guidance. The established rule is that,
>
> > 'If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. (Citations omitted.)
> >
> > On the other hand, if the effect of the amendment is to substitute for the defendant a new party, or add another party, such amendment amounts to a new and independent clause (sic) of action and cannot be permitted when the statute of limitations has run. (Citations omitted) * * *' *Kerner v. Rockmill*, 111 F. Supp. 150 (1953). See also *Sanders v. Metzger*, 66 F. Supp. 262 (1946)."

We have carefully reviewed the record before us which does not reveal any evidence from which the trial court could have con-

cluded that Honda, Ltd. had notice of this action prior to plaintiff's motion to add it as a party defendant on 7 June 1977. Nor does the record reflect any relationship between defendant American Honda and Honda, Ltd. to allow us to infer that notice on American Honda was tantamount to notice on Honda, Ltd. The trial court in this context was correct in viewing Rule 15(a) and (c) together in determining whether or not to grant plaintiff's motion.

The order of the trial court is

Affirmed.

Judges BRITT and ARNOLD concur.