LOUIS F. ROSHELLI v. LAWRENCE F. SPERRY

No. 8215SC801

(Filed 2 August 1983)

1. **Actions § 10; Rules of Civil Procedure § 4— summons naming person not a party—summons naming defendant—new action—statute of limitations**

Where plaintiff filed a complaint against defendant on 27 March 1981 seeking recovery under the family purpose doctrine for injuries received in an automobile accident on 31 March 1978, a summons was issued in the name of defendant's daughter on the date the complaint was filed and was served on 31 March 1981, and a summons was issued in defendant's name on 7 April 1981, plaintiff's failure to cause a summons to be issued in defendant's name within five days of the filing of his complaint resulted in a discontinuance of the action against the defendant, the summons issued on 7 April in defendant's name initiated a new action at the time of its issuance, and the action was thus barred by the three-year statute of limitations of G.S. 1-52. G.S. 1A-1, Rule 4(a) and (b).

**2. Rules of Civil Procedure § 4— endorsement of summons—purpose of Rule 4(d)**

> The purpose of G.S. 1A-1, Rule 4(d) is to keep an action alive by means of an endorsement on the original summons or by the issuance of an alias or pluries summons in situations where the original, properly directed summons is not yet served, and the statute does not apply to cause a summons issued in defendant's name and endorsed by the clerk to relate back to an original summons issued in the name of a person who is not a party to the action.

APPEAL by plaintiff from *Morgan, Judge*. Order entered 24 June 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 18 May 1983.

On 27 March 1981 plaintiff filed a complaint against Lawrence F. Sperry seeking recovery under the family purpose doctrine for personal injuries received on 31 March 1978 in an automobile accident allegedly caused by the negligent driving of defendant's daughter Beverly N. Sperry. On the date the complaint was filed, a summons was issued in the name of Beverly Sperry. The summons was served on 31 March 1981. A summons in the name of the defendant, Lawrence F. Sperry, was issued on 7 April 1981 and served on 13 April 1981. From denial of his motion to dismiss under Rules 12(b)(2), (4), (5), and (6), defendant appealed and this Court affirmed. *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982). On 27 May 1982 defendant filed a motion for summary judgment on the ground that plaintiff's action was barred by the three-year statute of limitation of G.S. 1-52. From the trial court's order granting defendant's motion, plaintiff appeals.

*Charles C. Thompson, III, for plaintiff-appellant.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Joseph F. Brotherton, for defendant-appellee.*

EAGLES, Judge.

[1] In arguing that the defendant's motion for summary judgment was erroneously granted, plaintiff acknowledges that the summons directed to the defendant was not issued until eleven days after the complaint was filed and more than three years after the occurrence of the injuries for which he seeks recovery. He contends that the applicable three-year statute of limitations, G.S. 1-52, was tolled when the action was commenced by the filing

of his complaint on 27 March 1981 and continued to be tolled subject only to having the defendant properly served with a copy of the complaint and summons, even though issuance of the summons against defendant occurred more than five days after filing of the complaint. We do not agree.

An action is commenced under G.S. 1A-1, Rule 3, by the filing of a complaint or the issuance of a summons. Here, plaintiff's lawsuit was commenced by the filing of his complaint on 27 March 1981, within the three year limitation period of G.S. 1-52 governing personal injury actions. G.S. 1A-1, Rule 4(a) states that upon the filing of the complaint, summons *"shall be issued forthwith, and in any event within five days."* (Emphasis added.) G.S. 1A-1, Rule 4(b) mandates that the summons *"shall be directed to the defendant . . . ."* (Emphasis added.) A summons was properly issued within the five day limit allowed by Rule 4(a) but it was directed to Beverly N. Sperry, who was not a party defendant to this lawsuit. The summons issued in the name of the defendant Lawrence F. Sperry was issued eleven days after the filing of the complaint. Plaintiff's failure to cause a summons to be issued in the name of Lawrence Sperry within five days of the filing of his complaint resulted in a discontinuance of the action against defendant. The summons which was issued on 7 April 1981 for service on Lawrence Sperry initiated a new action at the time of its issuance. *Roshelli v. Sperry,* 57 N.C. App. 305, 291 S.E. 2d 355 (1982); *Cf. Morton v. Insurance Co.,* 250 N.C. 722, 110 S.E. 2d 330 (1959) (effect of issuance of second summons after a discontinuance of first action, decided under former law). The commencement of the action on 7 April 1981 occurred more than three years after the accident on 31 March 1978. The action is barred by G.S. 1-52.

[2] Plaintiff argues that because the 7 April 1981 summons issued in the name of Lawrence Sperry was endorsed by the clerk, it related back to the 27 March 1981 issuance of the original summons in the name of Beverly N. Sperry. G.S. 1A-1, Rule 4(d), on which plaintiff relies, pertains to the extension of time for "service" of a summons which has been properly issued against a named defendant. In this case the original summons was issued in the name of a person other than the defendant and not a party to the action, a circumstance to which Rule 4(d) does not apply. *Roshelli v. Sperry, supra.* The purpose of Rule 4(d) is only to keep

the action alive by means of an endorsement on the original summons or by issuance of an alias or pluries summons in situations where the original, properly directed summons was not yet served.

The order of the trial court which granted summary judgment to the defendant is

Affirmed.

Judges WHICHARD and JOHNSON concur.