DANA M. CROSSMAN, Appellant/Plaintiff v. VAN DOLAN MOORE; and VAN DOLAN MOORE II, INDIVIDUALLY, Appellees/Defendants

No. 9326SC907

(Filed 21 June 1994)

**Limitations, Repose, and Laches § 150 (NCI4th)— misidentified party—amendment of complaint—relation back—statute of limitations**

   The trial court correctly refused to allow an amendment to a complaint adding a party to relate ·back where plaintiff was

injured in an automobile accident; the driver of defendants' car was Van Dolan Moore II, the seventeen-year-old son of Van Dolan Moore; the accident report identified Moore as the driver, listed Moore II's driver's license number, and clearly showed that the driver was barely seventeen years old; plaintiff filed an action based in negligence against Van Dolan Moore and the Dolan Moore Company, the owner of the van; plaintiff subsequently moved to amend her complaint to add Moore II as a party defendant; and the trial court allowed Moore's motion for summary judgment, allowed plaintiff to amend her complaint to add Moore II as a defendant, and refused to allow relation back of the amendment. The third factor of the *Schiavone* test (adopted in *Ring Drug Co. v. Carolina Medicorp Enterprises*, 96 N.C. App. 277) for interpreting Rule 15(c) was not met in that Moore II could not have had notice prior to the expiration of the statute of limitations. Although the Federal Rule 15(c) was revised to change the result in *Schiavone*, the North Carolina Rule 15(c) has not been amended; furthermore, a subsequent panel of the Court of Appeals is bound by the decision of another panel on the same issue until it has been overturned by the N.C. Supreme Court.

**Am Jur 2d, Limitation of Actions §§ 232 et seq.**

Appeal by plaintiff from order entered 1 July 1993 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 May 1994.

This appeal questions our current interpretation of Rule 15(c) of the Rules of Civil Procedure. More specifically, it deals with the criterion to be applied when a party has misidentified a party-defendant and then seeks to correct that mistake by adding a new party after the expiration of the statute of limitations.

This case arose from a 25 January 1989 automobile accident in which plaintiff was injured. Three years later, on 24 January 1992, plaintiff filed an action based in negligence against Van Dolan Moore (Moore) and the Dolan Moore Company (DMC). Unbeknownst to plaintiff, the actual driver had been Moore's seventeen year old son, Van Dolan Moore II (Moore II). The accident report, though identifying Moore as the driver, listed Moore II's driver's license number. In her complaint, plaintiff named Moore as the operator of both DMC and the responsible automobile, though the accident report clearly showed that the driver was barely seventeen years old.

Moore answered the complaint and denied most of plaintiff's allegations. On 28 January 1993, Moore moved for summary judgment. In support of his motion, he submitted several affidavits. In his own affidavit, Moore stated that the driver of the automobile had been his son, Moore II, but that, prior to speaking with an attorney in October of 1992, Moore believed he was the proper defendant based on DMC's ownership of the automobile, and the fact that he, or his business, insured it. He added that he sent the complaint to his insurer soon after receiving it without retaining a copy, and that Moore II had not read the complaint. Moore II's affidavit revealed that he did not sign the return receipts for the summons and complaint, nor did he receive or read a copy of either. Like his father, Moore II believed plaintiff had sued Moore because DMC owned the automobile involved in the accident and did not know until October of 1992 that he was the proper defendant.

Plaintiff moved to amend her complaint to add Moore II as a party-defendant. She also sought a ruling that the amendment would relate back to the filing of the original complaint, thereby avoiding a statute of limitations defense. The trial court allowed Moore's motion for summary judgment. It also allowed plaintiff to amend her complaint and add Moore II as a defendant. The court refused, however, to allow relation back of the amendment. In doing so, it found that Moore II "neither knew or should have known within the prescribed limitations period that, but for a mistake concerning identity, the plaintiff's action would have been brought against him." From that portion of the order denying relation back of the amendment, plaintiff appeals.

*Wishart, Norris, Henninger & Pittman, P.A., by William H. Elam and Daniel C. Marks, for plaintiff appellant.*

*Kennedy Covington Lobdell & Hickman, by F. Fincher Jarrell, for defendant appellee.*

ARNOLD, Chief Judge.

Plaintiff contends the trial court erred in refusing to allow relation back of the amended complaint. Rule 15(c), which provides when an amended pleading will relate back, reads as follows:

(c) *Relation back of amendments.*—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occur-

**CROSSMAN v. MOORE**

[115 N.C. App. 372 (1994)]

rences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (1990). Admittedly, the language of the Rule provides very little help in deciding its application in misidentification cases. Case law, however, does supply some necessary guidance.

In *Schiavone v. Fortune*, involving a similar problem, the United States Supreme Court was called upon to interpret Federal Rule 15(c). *Schiavone v. Fortune*, 477 U.S. 21, 91 L. Ed. 2d 18 (1986). In its analysis, the Court set forth a four factor test to determine when an amended pleading adding a party-defendant after the expiration of the statute of limitations would relate back. *Id.* Under the test, an amended pleading will relate back when:

1. the basic claim arises out of the conduct set forth in the original pleading,

2. the party to be brought in receives such notice that it will not be prejudiced in maintaining its defense,

3. the party knows or should have known that, but for a mistake concerning identity, the action would have been brought against it, and

4. the second and third requirements are fulfilled within the prescribed limitations period.

*Id.* at 29, 91 L. Ed. 2d at 27. The plaintiff in *Schiavone* argued that the prescribed limitations period, a key factor in the test, meant the time allowed by Rule 4 for service of process. The Supreme Court disagreed, stating that "[w]e are not inclined . . . to temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint." *Id.* at 30, 91 L. Ed. 2d at 28.

In 1989, this Court adopted *Schiavone's* four factor test, as well as the Court's determination that the relevant period was the statute of limitations. *Ring Drug Co. v. Carolina Medicorp Enterprises*, 96 N.C. App. 277, 385 S.E.2d 801 (1989); *see also Stevens v. Nimocks*, 82 N.C. App. 350, 346 S.E.2d 180, *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986) (utilizing the test without formal adoption). Many, however, strongly criticized *Schiavone*, viewing it as an unwarranted construction contrary to the liberalized pleading policy of Rule 8. Diane

S. Kaplan and Kimberly L. Craft, *Time Warps and Identity Crises: Muddling Through the Misnomer/Misidentification Mess*, 26 J. Marshall L. Rev. 257, 289-290 n. 164 (1993); *see also* Note, *Schiavone v. Fortune: Notice Becomes a Threshold Requirement for Relation Back under Federal Rule* 15(c), 65 N.C.L. Rev. 598 (1987) (arguing that *Schiavone* creates a double standard for defendants). As a result of these and similar criticisms, Congress revised Federal Rule 15(c) in 1991 to change the result in *Schiavone*. As amended, Federal Rule 15(c) requires that the newly named defendant receive notice or become aware of the misidentification within the prescribed period for service of process under Rule 4(m). Fed. R. Civ. P. 15(c)(3).

Plaintiff argues that, because we adopted the federal interpretation of Rule 15(c) created in 1986, we must now adopt the changes made in 1991 and overrule our decision in *Ring Drug*. While we recognize that *Schiavone*, and thus *Ring Drug*, represent a strict construction of Rule 15(c) that should be reexamined, we are not in a position to change Rule 15(c), nor may we overrule *Ring Drug*. In fact, while Federal Rule 15(c) has been amended, our version of Rule 15(c) remains unchanged and it is not a function of this Court to legislate. Furthermore, a subsequent panel of this Court is bound by the decision of another panel on the same issue until it has been overturned by our Supreme Court. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989). *Ring Drug* remains good law. As a result, any changes must come from either the Legislature or the Supreme Court and, at this time, we are bound by our decision in *Ring Drug*.

Applying the test to the facts of this case, we affirm the trial court's order. The third factor, requiring that the party knew or should have known that, but for a mistake concerning identity, the action would have brought against him, all within the period prescribed by law, is not met. Moore was served in April of 1992, three and a half months after the expiration of the statute of limitations. Clearly, Moore II could not have notice prior to the expiration of the statute of limitations.

Accordingly, the order of the trial court is

Affirmed.

Judges GREENE and McCRODDEN concur.