444 S.E.2d 699 (1994)
115 N.C. App. 474
Barbara Ellen MEDFORD, Administrator of the Estate of Connie Sue Medford, Deceased; Heather Nicole Medford, By and Through Her Guardian Ad Litem Barbara Ellen Medford; and Barbara Ellen Medford, and Barbara Ellen Medford, and Roy Gene Medford, Individually,
v.
HAYWOOD COUNTY HOSPITAL FOUNDATION, INC.
No. 9328SC358.
Court of Appeals of North Carolina.
July 5, 1994.
*700 Devere Lentz and Associates by John M. Olesiuk, Asheville, for plaintiffs-appellants.
Van Winkle, Buck, Wall, Starnes and Davis, P.A. by Russell P. Brannon and Michelle Rippon, Asheville, for defendant-appellee.
McCRODDEN, Judge.
The issue determinative of this appeal is whether the trial court erred in denying plaintiffs' motion to add Haywood County Hospital as a party defendant. After review of the record before us, we have concluded that the trial court properly denied plaintiffs' motion and dismissed the complaint.
Plaintiffs first contend that the naming of Haywood County Hospital Foundation, Inc. as defendant was simply a misnomer or misdescription of the intended defendant, Haywood County Hospital (the Hospital). On the basis of this, they argue that they should have been allowed to amend the complaint to correct the misnomer or misdescription of the Hospital.
Ordinarily, the trial court, in its discretion, may allow an amendment of process and pleading to correct a misnomer or mistake in the name of a party. Bailey v. McPherson, 233 N.C. 231, 235, 63 S.E.2d 559, 562 (1951). The general rule regarding a misnomer or mistake is that when a misnomer "does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage in the suit." Tyson v. L'eggs Products, Inc., 84 N.C.App. 1, 8, 351 S.E.2d 834, 838 (1987) *701 (quoting Paramore v. Inter-Regional Financial Group Leasing Co., 68 N.C.App. 659, 662, 316 S.E.2d 90, 91 (1984)). Substitution in the case of a misnomer is not considered a substitution of new parties, but merely "a correction in the description of the party or parties actually served." Electric Membership Corp. v. Grannis Brothers, 231 N.C. 716, 720, 58 S.E.2d 748, 751 (1950). If, however, the amendment amounts to a substitution or entire change of parties, the trial court will not allow the amendment. Bailey, 233 N.C. at 235, 63 S.E.2d at 562.
Plaintiffs misplace their reliance on the misnomer rule to amend their complaint because they are not attempting to correct the description of Haywood County Hospital Foundation, Inc., but are attempting to substitute an entirely different party. The record reveals that Haywood County Hospital Foundation, Inc. and the Hospital are separate and distinct entities. Furthermore, the intended defendant, the Hospital, was not served with the summons and complaint and has, therefore, never been subject to the lower court's jurisdiction. The trial court did not err in refusing to add the Hospital to the action pursuant to the misnomer rule.
In the alternative, plaintiffs argue that they were entitled to add the Hospital as a defendant in the lawsuit because the Hospital had notice of plaintiffs' intent to file a lawsuit against it prior to the expiration of the statute of limitations. Specifically, plaintiffs refer to their letter of 4 September 1991, which notified the Hospital of their intent to file a wrongful death lawsuit against the Hospital, and they point out that they had engaged in negotiations with counsel for the Hospital a year prior to the tolling of the statute of limitations. This notice, plaintiffs assert, enables their claim against the Hospital to relate back to the original complaint.
Rule 15(c) of the North Carolina Rules of Civil Procedure, which governs a party's ability to add a new defendant after the statute of limitations has expired, provides:
A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.
N.C.Gen.Stat. § 1A-1, Rule 15(c) (1990). Under the rule, the trial court may allow the addition of a party defendant after the applicable limitations period has expired if the new defendant had notice of the claim so as not to be prejudiced by the untimely amendment. Ring Drug Co. v. Carolina Medicorp Enterprises, 96 N.C.App. 277, 283, 385 S.E.2d 801, 806 (1989). The Ring Drug Court adopted the following test used by federal courts for determining when a new defendant may be added after the limitations period has expired:
1) [T]he basic claim arises out of the conduct set forth in the original pleading, 2) the party to be brought in receives such notice that it will not be prejudiced in maintaining its defense, 3) the party knows or should have known that, but for a mistake concerning identity, the action would have been brought against it, and 4) the second and third requirements are fulfilled within the prescribed limitations period.
Id. (citation omitted). Although Congress revised Federal Rule 15(c) in 1991, subsequent to the decision in Ring Drug, this Court is bound by the Ring Drug decision. Crossman v. Moore, 115 N.C.App. 372, 444 S.E.2d 630 (1994).
The amendment to add the Hospital as a party to the action does not relate back to the original complaint, because it does not fulfill the fourth element in the Ring Drug test. That element requires that, for an amended complaint to relate back to the original complaint, the party to be added must have notice of the institution of the civil action within the statute of limitations period. Crossman v. Moore, 115 N.C.App. 372, 444 S.E.2d 630. Therefore, notice received after the running of the statute of limitations is insufficient.
The record in the instant case shows that the deceased died on 17 November 1990. Plaintiffs filed the complaint and issued the summons to Haywood County Hospital *702 Foundation, Inc. on 16 November 1992. The statute of limitations expired one day later, on 17 November 1992. See N.C.Gen.Stat. § 1-53(4) (1983). The record is devoid of any evidence showing when Haywood County Hospital Foundation, Inc. was actually served with the summons and complaint. More importantly, plaintiffs provide no evidence indicating that the Hospital had notice that they had filed the complaint prior to the running of the statute of limitations on 17 November. Although plaintiffs' letter of 4 September 1991 and the negotiations with the Hospital may have notified the Hospital of a potential lawsuit, they failed to provide notice of the institution of the action. Since the Hospital did not receive notice that plaintiffs had filed a lawsuit before the tolling of the statute of limitations, we conclude that plaintiffs failed to satisfy Rule 15(c).
Since the amendment to the complaint could not relate back to the original pleading, plaintiffs' claim against the Hospital is barred by the statute of limitations. The trial court correctly denied plaintiffs' motion to add the Hospital as a defendant in the action and properly granted defendant's motion for judgment on the pleadings.
We affirm the order of the trial court.
Affirmed.
WELLS and JOHN, JJ., concur. *703 *704