EUGENE K. FRANKLIN, DAVID L. FRANKLIN, Co-Executors of the Estate of Henry B. Franklin, and WAVA K. FRANKLIN, Plaintiffs v. WINN DIXIE RALEIGH, INC., Defendant

No. 9310SC1039

(Filed 15 November 1994)

1. **Process and Service § 20 (NCI4th)— negligence action— erroneous corporate name—sufficiency of process— motion to amend—substitution of parties**

The trial court did not err by granting defendant's motion to dismiss for insufficiency of process in a negligence action where the action occurred at a Winn-Dixie grocery store in Raleigh, the defendant named in the original summons and complaint was Winn-Dixie Stores, Inc., the store was owned by Winn-Dixie Raleigh, Inc., and Winn-Dixie Stores, Inc. and Winn-Dixie Raleigh, Inc. were separate and distinct corporations. Winn-Dixie Stores, Inc. was the correct name of the wrong corporate party defendant; plaintiffs simply sued the wrong corporation. Plaintiffs' attempt to amend the original summons was prohibited because it constituted a substitution or entire change of parties. N.C.G.S. § 1A-1, Rule 4.

Am Jur 2d, Process §§ 94 et seq.

Necessity and sufficiency of service of process under due process clause of Federal Constitution's Fourteenth Amendment—Supreme Court cases. 100 L. Ed. 2d 1015.

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

2. **Process and Service § 20 (NCI4th)— negligence action— erroneous corporate name—service of process—sufficiency**

The trial court did not err by dismissing plaintiffs' negligence action for insufficient service of process where the accident occurred in a Winn-Dixie Store in Raleigh, the store was owned by Winn-Dixie Raleigh, Inc., plaintiffs initially brought action against Winn-Dixie Stores, Inc., alias and pluries summonses naming Winn-Dixie Raleigh, Inc. as the defendant were ineffective attempts at amending the original summons, and plaintiffs never served a summons and complaint on Winn-Dixie Raleigh, Inc. at a time when Winn-Dixie Raleigh, Inc. was a named defendant in the case. If the summonses themselves were void, then the service of those summonses was also invalid.

**Am Jur 2d, Process §§ 94 et seq.**

**Necessity and sufficiency of service of process under due process clause of Federal Constitution's Fourteenth Amendment—Supreme Court cases. 100 L. Ed. 2d 1015.**

3. **Limitations, Repose, and Laches § 149 (NCI4th)— negligence action—erroneous corporate name—statute of limitations—no relation back**

The trial court did not err by dismissing a negligence action based on the running of the statute of limitations where plaintiffs filed their original summons and complaint on 24 August 1992, the last date on which they could file a timely claim; they sued and served the wrong party since both the summons and complaint named Winn-Dixie Stores, Inc. as the defendant; plaintiffs filed an amended complaint naming Winn-Dixie of Raleigh, Inc. as the defendant seven months after the original complaint was filed and the statute of limitations had run; and plaintiffs served no corresponding summons on anyone, contending that the amended complaint merely corrected the name of a party already in court and thus related back. However, plaintiffs' complaint does not relate back because defendant Winn-Dixie Raleigh would be unfairly prejudiced in that it would lose the benefit of the statute of limitations and the failure to name Winn-Dixie Raleigh originally was solely attributable to plaintiffs.

**Am Jur 2d, Limitation of Actions §§ 217 et seq.**

Judge Wynn dissenting.

FRANKLIN v. WINN DIXIE RALEIGH, INC.

[117 N.C. App. 28 (1994)]

Appeal by plaintiffs from order entered 2 July 1993 by Judge Gregory A. Weeks in Wake County Superior Court. Heard in the Court of Appeals 24 August 1994.

This appeal arises from a negligence action filed 24 August 1992 by the plaintiffs against the defendant for injuries sustained by the decedent, Henry B. Franklin ("Mr. Franklin"). Plaintiffs' complaint alleged that on 22 August 1989, while grocery shopping, Mr. Franklin sustained severe and permanent injuries when he slipped on cole slaw lying in an aisle near a cash register at the Winn Dixie grocery store located at 651 Western Boulevard Extension in Raleigh, North Carolina. Plaintiffs further alleged these injuries eventually caused Mr. Franklin's death on 1 April 1991.

This case raises basic issues of civil procedure involving whether the trial court erred in dismissing plaintiffs' original and amended complaints for insufficiency of process, insufficiency of service of process and violation of the statute of limitations. After considering each of these issues, we reject all of plaintiffs' arguments and affirm the trial court's dismissal. The facts pertinent to this appeal are best understood through the following chronology of the procedural history:

1. On 24 August 1992, plaintiffs filed a complaint ("original complaint") (dated 21 August 1992), naming "Winn Dixie Stores, Inc." as the defendant.

2. On 24 August 1992, a summons was issued. The caption of the summons identified "Winn Dixie Stores, Inc." as the defendant and was directed to "Winn Dixie Stores, Inc." The name and address of the defendant as specified on the summons was Crawford and Company, 4208 Six Forks Road, Raleigh, NC 27619. This summons was defective because it did not specify the county in which the action was filed. No one completed the return of service on the reverse of the summons.

3. On 24 August 1992, an alias and pluries summons was issued. This summons identified "Winn Dixie Stores, Inc." as the defendant and was directed to "Winn Dixie Stores, Inc." The name and address of the defendant was again listed as that of Crawford and Company, 4208 Six Forks Road, Raleigh, NC 27609.

The return of service on the reverse of the summons shows that on 27 August 1992, it was served on "Winn Dixie Stores, Inc." by leaving a copy of the summons and complaint at the "dwelling house or usual place of abode of the defendant named above with a person of

suitable age and discretion then residing therein" with "Jack Ferrell/General Adjuster".

4. On 29 September 1992, a second alias and pluries summons was issued. This summons identified the defendant as "Winn-Dixie Raleigh, Inc.", but is still directed to "Winn Dixie Stores, Inc." The name and address of the defendant on this summons was C T Corporation System, 225 Hillsborough Street, Raleigh, NC 27603.

The return of service on the reverse of the summons shows that it was served on 1 October 1992 on "Winn Dixie Stores of Raleigh, Inc." by delivering a copy of the summons and complaint to C T Corporation System Registered Agent, c/o Ron Strickland "as the defendant is a corporation".

5. On 26 October 1992, defendant "Winn Dixie Stores, Inc." filed a Motion to Dismiss, pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(4) and (5), requesting that the complaint be dismissed for insufficiency of process and insufficiency of service of process.

6. On 23 December 1992, a third alias and pluries summons was issued. This summons identified the defendant as "Winn-Dixie Raleigh, Inc." and was directed to "Winn-Dixie Raleigh, Inc." This time, the name and address of the defendant was listed as Winn-Dixie Raleigh, Inc., c/o C T Corporation System, 225 Hillsborough Street, Raleigh, NC 27603.

7. Also on 23 December 1992, a fourth alias and pluries summons was issued. This summons identified the defendant as "Winn-Dixie Stores, Inc." and was directed to "Winn-Dixie Stores, Inc." The name and address of the defendant was Winn-Dixie Stores, Inc., c/o C T Corporation System, 225 Hillsborough Street, Raleigh, NC 27603.

8. Plaintiffs served the third and fourth alias and pluries summonses with a copy of the original complaint attached to each on the defendants listed in each summons by certified mail, return receipt requested. Signed receipts indicate that both sets of summonses were delivered on 30 December 1992 to the addresses specified. On 25 January 1993, plaintiffs filed an Affidavit of Service by certified mail for each of the summonses delivered 30 December 1992.

9. By letter dated 31 December 1992, Barry L. Ingle of C T Corporation System notified plaintiffs' attorney that C T Corporation System was returning the third and fourth summonses and complaints that it received by certified mail. Mr. Ingle stated that:

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

We are unable to accept service for a corporation by the name of WINN-DIXIE STORES, INC. as it is not on record with the SECRETARY OF STATE. We would like to accept the service for WINN-DIXIE RALEIGH, INC., however, the Complaint was for WINN-DIXIE STORES, INC.

We must be provided with the name of the corporation to be served as it is registered to do business with the SECRETARY OF STATE OF NORTH CAROLINA.

Should you make this determination that CT is the registered agent, please address it to the full corporate name, return it to us and we will be glad to forward it on.

10. By affidavit dated 24 March 1993, E. D. Whitley, Safety Manager for Winn-Dixie Raleigh, Inc. stated that "[o]n August 22, 1989, and since that date, Winn-Dixie Stores, Inc. and Winn-Dixie Raleigh, Inc. have been and are separate and distinct corporations." Mr. Whitley further stated that:

On August 22, 1989, Winn-Dixie Stores, Inc. did not own, lease or operate the Winn-Dixie store located at 651 Western Boulevard Extension in Raleigh, North Carolina. Rather, the lessee and operator of the Winn-Dixie store located at 651 Western Boulevard Extension in Raleigh, North Carolina, on that date was Winn-Dixie Raleigh, Inc. Winn-Dixie Stores, Inc. has never owned, leased or operated the store at that location.

11. On 20 April 1993, plaintiffs filed an Amended Complaint naming "Winn Dixie Raleigh, Inc." as the defendant. Pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, plaintiffs served a copy of the Amended Complaint and Notice of Filing Amended Complaint on Winn Dixie Raleigh, Inc., c/o C T Corp. System, 225 Hillsborough Street, Raleigh, NC 27603, and on Mr. Reid Russell, attorney for Defendant "Winn-Dixie Raleigh, Inc." The Notice stated the following:

The purpose of this amended complaint is to change the word "Stores" to "Raleigh" in the name of defendant as designated when the original complaint was filed. Plaintiffs make this filing on N.C.G.S. § 1A-1, Rule 15(a), where it is stated: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . ." Defendant has filed no responsive pleading, but a Rule 12 motion. Such motion is not a responsive pleading. See, Johnson v. Bollinger, 86 N.C. App. 1, 7 (1987).

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

The Amended Complaint, in all other respects, was identical to the original complaint.

12. On 19 May 1993, Defendant Winn Dixie Raleigh, Inc. filed a Motion to Dismiss the Amended Complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(4) and (5) for insufficiency of process and insufficiency of service of process, respectively, and pursuant to N.C. Gen. Stat. § 1-52 on the ground that the statute of limitations had run on this action.

13. On 2 July 1993, Judge Gregory A. Weeks entered an Order allowing both of defendant's motions and dismissed plaintiffs' original and amended complaints with prejudice. Judge Weeks made no findings of fact in his Order. From this Order, plaintiffs appeal.

*Marvin Schiller and William E. Moore, Jr. for plaintiff-appellants.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by G. Lawrence Reeves, for defendant-appellee.*

ORR, Judge.

## I.

[1] Plaintiffs' first assignment of error is that the trial court erred in granting the defendant's motion to dismiss for insufficiency of process. The sufficiency of process for any civil action filed in North Carolina is governed by N.C. Gen. Stat. § 1A-1, Rule 4. Rule 4(a) states that "[u]pon the filing of the complaint, summons shall be issued forthwith . . . ." N.C. Gen. Stat. § 1A-1, Rule 4(a) (1990). Rule 4(b) states that a summons "shall be directed to the defendant or defendants." N.C. Gen. Stat. § 1A-1, Rule 4(b) (1990).

On the significance of a summons, this Court has stated:

The summons constitutes the means of obtaining jurisdiction over the defendant. . . . The summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court. As such, defects in the summons receive careful scrutiny and can prove fatal to the action.

*Lantham v. Cherry*, 111 N.C. App. 871, 873, 433 S.E.2d 478, 480 (1993), *cert. denied*, 335 N.C. 556, 441 S.E.2d 116 (1994) (quoting *Childress v. Forsyth County Hospital Auth.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985)).

> Where there is a defect in the process itself, the process is generally held to be either voidable or void. Where the process is voidable, the defect generally may be remedied by an amendment because the process is sufficient to give jurisdiction. Where the process is void, however, it generally cannot be amended because it confers no jurisdiction.

*Harris v. Maready*, 311 N.C. 536, 542, 319 S.E.2d. 912, 916 (1984).

Rule 4(i) permits trial courts to allow the amendment of any process "unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." N.C. Gen. Stat. § 1A-1, Rule 4(i) (1990); *Harris*, 311 N.C. at 545, 319 S.E.2d at 918. "Material prejudice" in this context "refers primarily to the interposition of the statute of limitations." 1 G. Gray Wilson, *North Carolina Civil Procedure*, § 4-10, p. 44. The power of the court to allow amendment of process is discretionary and permits amendment to correct a misnomer or mistake in the name of a party. *Harris*, 311 N.C. at 542, 319 S.E.2d at 918. When "the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit." *Id.* at 919 (citing *Bailey v. McPherson*, 233 N.C. 231, 235, 63 S.E.2d 559, 562 (1951)). However, "if the amendment amounts to a substitution or entire change of parties, however, the amendment will not be allowed." *Id.* (citing *Hogsed v. Pearlman*, 213 N.C. 240, 195 S.E. 789 (1938)). Our Supreme Court has stated that "[s]ubstitution in the case of a misnomer is not considered substitution of new parties, but a correction in the description of the party or parties actually served." *Blue Ridge Electric Membership Corporation v. Grannis Bros., Inc.*, 231 N.C. 716, 720, 58 S.E.2d 748, 751 (1950). Thus, resolution of plaintiffs' assignments of error turns on whether plaintiffs naming "Winn Dixie Stores, Inc." as the defendant in the original summons and complaint was a misnomer.

The record shows by the affidavit of E.D. Whitley, Safety Manager, for Winn-Dixie Raleigh, Inc., that "Winn-Dixie Stores, Inc." was not a corporate entity on record with the Secretary of State. It further shows that at no time pertinent to this action did Winn-Dixie Stores, Inc. ever own, lease or operate the store located at 651 Western Boulevard Extension. Moreover, while Winn-Dixie Stores, Inc. and Winn-Dixie Raleigh, Inc. are both Florida corporations authorized to

do business in North Carolina, they have been and were separate and distinct corporations at the time the cause of action accrued.

Therefore, we hold that the named defendant in the original summons and complaint, "Winn Dixie Stores, Inc.", was not a mistake or misdescription permitting the amendment of the summons. Rather, Winn Dixie Stores, Inc. was the correct name of the wrong corporate party defendant, a substantive mistake which is fatal to this action. Quite simply, plaintiffs sued the wrong corporation.

Plaintiffs contend that they were entitled to correct their original defective summons by alias and pluries summons. They rely on *Latham v. Cherry*, 111 N.C. App. 871, 433 S.E.2d 478 (1993) and *Anderson Trucking Service, Inc. v. Key Way Transport, Inc.*, 94 N.C. App. 36, 379 S.E.2d 665 (1989). As defendant correctly points out, plaintiffs' reliance on these cases is misplaced.

In *Latham*, this Court said that "[a] party may correct a failed or defective original <u>service</u> by . . . application for alias and pluries summons within ninety days of original issue. . . ." *Latham*, 111 N.C. App. at 873, 433 S.E.2d at 480; *see* N.C. Gen. Stat. § 1A-1, Rule 4(d) (1990) (emphasis added). The issue in *Latham* was defective service, not defective process. In *Anderson*, again the issue before the court was whether service was defective. *Anderson*, 94 N.C. App. at 44, 379 S.E.2d at 670. N.C. Gen. Stat. § 1A-1, Rule 4(d), on which plaintiffs rely, "pertains to the extension of time for 'service' of a summons which has been properly issued against a named defendant." *Roshelli v. Sperry*, 63 N.C. App. 509, 511, 305 S.E.2d 218, 219, *review denied*, 309 N.C. 633, 308 S.E.2d 716 (1983). Rule 4(d) of the North Carolina Rules of Civil Procedure provides that:

> When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:
>
> . . .
>
> (2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.
>
> . . .

N.C. Gen. Stat. § 1A-1, Rule 4(d) (1990). This provision relates only to defective original service, not defective original process. Plaintiffs' repeated issuance and service of alias and pluries summonses was not only consistently defective, but also ineffective to confer jurisdiction over the defendant Winn Dixie Raleigh, Inc.

In *Roshelli*, the plaintiff filed a complaint against Lawrence F. Sperry seeking recovery under the family purpose doctrine for personal injuries received on 31 March 1978 in an automobile accident allegedly caused by the defendant's daughter, Beverly N. Sperry. On the date the complaint was filed, 27 March 1981, a summons was issued in the name of Beverly Sperry. A summons in the name of the defendant, Lawrence F. Sperry was issued on 7 April 1981, after the limitations period had expired. On appeal from the defendant's motion for summary judgment, the plaintiff contended that because the 7 April 1981 summons issued in the name of Lawrence Sperry was endorsed by the clerk, it related back to the 27 March 1981 issuance of the original summons in the name of Beverly Sperry, a nonparty. This Court held that the clerk's endorsement of the summons directed to Lawrence Sperry after the limitations period had run did not cause the endorsed summons to relate back to the issuance within the limitations period of original summons directed to Beverly Sperry. "The purpose of Rule 4(d) is only to keep the action alive by means of an endorsement on the original summons or by issuance of an alias or pluries summons in situations where the original, properly directed summons was not yet served." *Roshelli*, 63 N.C. App. at 511, 305 S.E.2d at 219. When an original summons is issued in the name of a person other than the defendant and not a party to the action, Rule 4(d) does not apply. *Id.*

In the case at bar, plaintiffs' attempt to amend the original summons was prohibited because it constituted "a substitution or entire change of parties." *Harris*, 311 N.C. at 546, 319 S.E.2d at 918. Accordingly, we affirm the trial court's decision to grant defendant's motion to dismiss for insufficiency of process.

## II.

[2]   Plaintiffs next contend that the trial court erred in granting defendant's motion to dismiss for insufficiency of service of process. We disagree.

"The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him."

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

*Wearring v. Belk Brothers., Inc.*, 38 N.C. App. 375, 376, 248 S.E.2d 90, 90 (1978); *see* N.C. Gen. Stat. § 1A-1, Rule 4(b) (1990). The statutory method for service of process on a corporation is set forth in Rule 4(j)(6). In pertinent part, Rule 4(j)(6) states that to effect service on a corporation, a summons <u>and</u> complaint must be delivered, in person or by registered or certified mail, to an officer, director, or managing agent of the corporation, by leaving copies in the office of such persons. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) (1990) (emphasis added).

As demonstrated in the preceding argument, the 29 September 1992 and the 23 December 1992 alias and pluries summonses naming "Winn-Dixie Raleigh, Inc." as the defendant were ineffective attempts at amending the original summons. Interestingly, plaintiffs cite several Court of Appeals cases which support the defendant's contention that service was insufficient. All of the cases on which plaintiffs base their contention that service of process was sufficiently accomplished in this case make it clear that service is complete on the day summons <u>and</u> complaint are delivered to the addressee. *See Taylor v. Brinkman*, 108 N.C. App. 767, 425 S.E.2d 429, *review denied*, 333 N.C. 795, 431 S.E.2d 30 (1993) (". . . service of process attempted by registered or certified mail, as permitted by N.C.G.S. § 1A-1, Rule 4(j)(1)(c), is 'complete on the day the summons and complaint are delivered to the address thereon' " (quoting *Lynch v. Lynch*, 303 N.C. 367, 370, 279 S.E.2d 840, 843 (1981)).

The defendant Winn Dixie Raleigh, Inc. did not become a party defendant in this case until 20 April 1993, the date plaintiffs filed their Amended Complaint. At no time on or after the filing of the Amended Complaint did the plaintiffs serve a summons in the name of Winn Dixie Raleigh, Inc. The September and December summonses which named Winn Dixie Raleigh, Inc. as the defendant were both issued when the defendant named in the then pending original complaint was Winn Dixie Stores, Inc. In short, plaintiff has simply never served a summons and complaint on Winn Dixie Raleigh, Inc. at a time when Winn Dixie Raleigh, Inc. was a named defendant in this case.

As defendant succinctly states in its brief, "[i]t is axiomatic that if the summonses themselves were void, then the service of those summonses was also invalid." Accordingly, we affirm the trial court's dismissal of the plaintiff's suit on the ground of insufficiency of service of process.

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

### III.

**[3]** Plaintiffs' final assignment of error is the crucial issue presented in this case. Here, the issue before the court is whether the trial court erred in dismissing their lawsuit against Winn-Dixie Raleigh, Inc. on the grounds that the statute of limitations had run. The statute of limitations for personal injury due to negligence is three years. N.C. Gen. Stat. § 1-52(16) (Supp. 1993).

Plaintiffs filed their original summons and complaint on 24 August 1992, the last date on which they could file a timely claim. However, they sued and served the wrong party since both the original summons and complaint named Winn-Dixie Stores, Inc. as the defendant. On 20 April 1993, over seven months after the original complaint was filed and the statute of limitations had run, plaintiffs filed an amended complaint naming "Winn-Dixie Raleigh, Inc." as the defendant. Plaintiffs served no corresponding summons on anyone. They contend that the amended complaint merely corrected the name of a party already in court and thus relates back to the date of the original complaint. In other words, they argue that they properly extended the statute of limitations by the clerk's issuance of a corrected alias and pluries summons and subsequent amendment to the complaint in order to properly accomplish service of process on defendant Winn-Dixie Raleigh, Inc. Plaintiffs' argument on this issue is also without merit.

Unless relation back occurs, the statute of limitations is a defense for defendants. Rule 15(c) of the North Carolina Rules of Civil Procedure states the following:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed unless the original pleading does not give notice to the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (1990).

In *Ring Drug Company, Inc. v. Carolina Medicorp Enterprises, Inc.*, 96 N.C. App. 277, 385 S.E.2d 801 (1989), this Court noted that on three other occasions it had decided whether Rule 15(c) would permit a complaint to be amended to add a new party defendant after the limitations period had expired. In all three cases, this Court decided the issue against the plaintiffs. *See Teague v. Asheboro Motor Company*, 14 N.C. App. 736, 189 S.E.2d 671 (1972); *Callicutt v. American*

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

*Honda Motor Company, Inc.*, 37 N.C. App. 210, 245 S.E.2d 558 (1978); *Stevens v. Nimocks*, 82 N.C. App. 350, 346 S.E.2d 180, *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986). "Whether a complaint will relate back with respect to a party defendant added after the applicable limitations period depends on whether that new defendant had notice of the claim so as not to be prejudiced by the untimely amendment." *Ring*, 96 N.C. App. at 283, 385 S.E.2d at 806.

In *Ring*, the court adopted the federal test for determining when a party defendant may be added after the limitations period has run. Relation back will occur under the federal rule when

1) the basic claim arises out of the conduct set forth in the original pleading, 2) the party to be brought in receives such notice that it will not be prejudiced in maintaining its defense, 3) the party knows or should have known that, but for a mistake concerning identity, the action would have been brought against it, and 4) the second and third requirements are fulfilled within the prescribed limitations period.

*Id.* (citing *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L. Ed. 2d 18, 27 (1986)).

If some nexus among defendants will permit the trial judge to infer that the new defendant had notice of the original claim so as not to be prejudiced by the amendment, *Callicut*, 37 N.C. App. at 213, 245 S.E.2d at 560, Rule 15(c) will allow a complaint to be amended so as to add a new party, expiration of the statute of limitations notwithstanding. The statute of limitations should furnish the defendant at bar, however, when a plaintiff's use of Rule 15(c) would circumvent any other procedural requirement, *see Stevens*, 82 N.C. App. at 352, 346 S.E.2d at 181, or when the plaintiff's failure to name the defendant originally is solely attributable to the plaintiff.

*Ring*, 96 N.C. App. at 283, 385 S.E.2d at 806.

Applying the federal test to the present case, we hold that the trial judge correctly ruled that the statute of limitations was a bar to the instant case. Plaintiffs' amended complaint does not relate back because defendant Winn Dixie Raleigh, Inc. would be unfairly prejudiced by allowing the amendment to relate back; and plaintiffs' failure to name Winn-Dixie Raleigh, Inc. originally was solely attributable to the plaintiffs. By allowing the amended complaint to relate back, defendant would lose the benefit of the statute of limitations as

FRANKLIN v. WINN DIXIE RALEIGH, INC.

[117 N.C. App. 28 (1994)]

a bar to plaintiffs' cause of action. This is particularly evident since, after being informed by Winn-Dixie Stores, Inc. that they were not the proper defendant, plaintiffs' waited over six months to file the amended complaint. Therefore, defendant properly asserted the statute of limitations as a bar to plaintiffs' effort to "correct the name of the party already in court." The amended complaint filed on 19 April 1993 initiated a new action. The commencement of this action occurred more than three years after the accident on 24 August 1992 and is barred by N.C. Gen. Stat. § 1-52.

Summarizing, we agree with the defendant that the record does not demonstrate that plaintiffs' failure to name Winn-Dixie Raleigh, Inc. as the defendant resulted from a misnomer. Rather, it shows plaintiffs' unjustified failure to name Winn-Dixie Raleigh, Inc. as the party defendant in a timely fashion.

Plaintiffs filed their original summons and complaint on 24 August 1992, the last date on which they could file a timely claim. Yet, it was not until plaintiffs filed the amended complaint, more than three years after Mr. Franklin's accident, that the proper corporate defendant "Winn Dixie Raleigh, Inc." was named. To this day, as required by the North Carolina Rules of Civil Procedure, plaintiffs have never served the defendant Winn Dixie Raleigh, Inc., through the proper agent designated to receive service, C T Corporation System, with a summons accompanied by a complaint naming it as a defendant. Under these circumstances, the defendant has never been a party to this action. Plaintiffs' original and alias and pluries summonses conferred no jurisdiction over the defendant because the original summons was void and could not be amended. The named defendant in the original summons and complaint, "Winn-Dixie Stores, Inc.", was the correct name of the wrong corporate party defendant, a substantive mistake which is fatal to this action. For the foregoing reasons, we affirm the order of the trial court dismissing plaintiffs' action.

Affirmed.

Judge JOHNSON concurs.

Judge WYNN dissents with separate opinion.

**FRANKLIN v. WINN DIXIE RALEIGH, INC.**

[117 N.C. App. 28 (1994)]

Judge WYNN dissenting.

I respectfully dissent from Part III of the majority's opinion because I believe our Rules of Civil Procedure should permit plaintiffs to amend their complaint.

This entire pleading imbroglio would have been avoided if plaintiffs had simply filed their complaint and served "Winn Dixie Raleigh, Inc." as the defendant instead of "Winn Dixie Stores, Inc." Plaintiffs would then be allowed to proceed with their suit. Since plaintiffs identified the defendant by its general corporate name rather than the specific name of the owner of the Raleigh store, the majority holds that plaintiffs' action must be dismissed. I believe, however, that the purpose of our Rules of Civil Procedure is to resolve controversies on the merits rather than on pleading technicalities. *See Smith v. City of Charlotte*, 79 N.C. App. 517, 339 S.E.2d 844 (1986).

The majority notes that plaintiffs have never properly served defendant, Winn Dixie Raleigh, Inc., and then concludes that the defendant thus has never been made a party to this action. In fact, defendant Winn Dixie Raleigh, Inc. appeared before the trial court to argue its motion to dismiss plaintiffs' complaint on the grounds of insufficiency of process, insufficiency of service, and that the statute of limitations expired. By arguing the statute of limitations defense, defendant made a general appearance in the action and therefore waived any objections to defective service. *Four County Agricultural Credit Corp. v. Satterfield*, 218 N.C. 298, 10 S.E.2d 914 (1940); *Williams v. Williams*, 46 N.C. App. 787, 266 S.E.2d 25 (1980).

Plaintiffs filed their original complaint on 24 August 1992, within the applicable three-year limitations period, and named Winn Dixie Stores, Inc. as the defendant. After learning that the proper defendant was Winn Dixie Raleigh, Inc., plaintiffs filed their amended complaint on 20 April 1993 pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(c) which provides:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (1990). Plaintiffs argue that under Rule 15(c) their amended complaint relates back to the date of their initial complaint and is not barred by the statute of limitations.

FRANKLIN v. WINN DIXIE RALEIGH, INC.

[117 N.C. App. 28 (1994)]

North Carolina's Rule 15(c) is modeled after Sec. 203(e) of the New York Civil Practice Law and Rules. *Stevens v. Nimocks*, 82 N.C. App. 350, 354, 346 S.E.2d 180, 182, *cert. denied*, 318 N.C. 511, 349 S.E.2d 873 (1986); 1 G. Gray Wilson, *North Carolina Civil Procedure*, § 15-12 at 296 (1989). At the time of its adoption in 1967, our Rule 15(c) was more liberal than its federal counterpart since "[i]n North Carolina even a new cause of action can be said to relate back for amendment purposes." *Humphries v. Going*, 59 F.R.D. 583, 585 (E.D.N.C. 1973). The test for whether an amendment will relate back to the original filing date depends upon whether the original pleading gave the defendant sufficient notice of the proposed claim. *Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986); *Burcl v. North Carolina Baptist Hosp., Inc.*, 306 N.C. 214, 293 S.E.2d 85 (1982). Whether a plaintiff can amend the complaint to add a new defendant depends on whether the new defendant had notice of the claim so as not to be prejudiced by the untimely amendment. "If some nexus among defendants will permit the trial judge to infer that the new defendant had notice of the original claims so as not to be prejudiced by the amendment, . . . Rule 15(c) will allow a complaint to be amended so as to add a new party, expiration of the limitations period notwithstanding." *Ring Drug Co., Inc. v. Carolina Medicorp Enterprises, Inc.*, 96 N.C. App. 277, 283, 385 S.E.2d 801, 805 (1989) (citation omitted). *Ring Drug* adopted the federal test set forth by the United States Supreme Court in *Schiavone v. Fortune* which provides that relation back will occur when:

> 1) the basic claim arises out of the conduct set forth in the original pleading, 2) the party to be brought in receives such notice that it will not be prejudiced in maintaining its defense, 3) the party knows or should have known that, but for a mistake concerning identity, the action would have been brought against it, and 4) the second and third requirements are fulfilled within the prescribed limitations period.

*Ring Drug*, 96 N.C. App. at 277, 385 S.E.2d at 806 (citing *Schiavone v. Fortune*, 477 U.S. 21, 29, 91 L. Ed. 2d 18, 27 (1986)).

The rigid *Schiavone* test was widely criticized as too restrictive a reading of Federal Rule Civ. Proc. 15(c). *See* Joseph P. Bauer, Schiavone: *An Un-Fortune-ate Illustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure*, 63 Notre Dame L. Rev. 720 (1988); Robert D. Brussack, *Outrageous Fortune: The Case for Amending Rule 15(c) Again*, 61 S. Cal. L. Rev. 671

FRANKLIN v. WINN DIXIE RALEIGH, INC.

[117 N.C. App. 28 (1994)]

(1988); Joseph Dornfried, Schiavone v. Fortune: *Notice Becomes a Threshold Requirement for Relation Back under Federal Rule 15(c)*, 65 N.C. L. Rev. 598 (1987). In response to this criticism, Federal Rule 15(c) was amended in 1991 to specifically prevent the harsh result of the Schiavone test. *See Advisory Committee Notes to Rule 15*, reprinted in 12 Charles A. Wright, Arthur R. Miller, and Frank W. Elliott, *Federal Practice and Procedure*, Appendix C (1994). The amendment provides that if the party to be added to the action received notice of the action within the period provided for service under Rule 4 so as not to be prejudiced in maintaining a defense, and knew or should have known that but for a mistake concerning the identity of the proper party, the action would have named that party, then relation back is proper. 6A Wright, Miller, and Mary Kay Kane, § 1498 (Supp. 1994); 3 James W. Moore et al., *Moore's Federal Practice* § 15.01[15] (Supp. 1994). Therefore, the notice required under Federal Rule 15(c) is no longer tied to the governing statute of limitations period, but rather to the federal service period of 120 days. 6A Wright, Miller and Kane, at § 1498 (Supp. 1994).

In North Carolina, the period for service of process is 30 days. N.C. Gen. Stat. § 1A-1, Rule 4 (1990). In *Crossman v. Moore*, 115 N.C. App. 372, 444 S.E.2d 630, *review allowed*, 337 N.C. 690, 448 S.E.2d 519 (1994) this Court ruled that even though Federal Rule 15(c) has been amended, this Court was still bound by the decision in *Ring Drug* which relied on the now invalid federal test in interpreting our Rule 15(c). *Crossman*, 115 N.C. App. at 376, 444 S.E.2d at 632.

North Carolina's Rule 15(c) is clear that so long as the original pleading gives notice of the transactions or occurrences to be proved by the amended pleading, the amended pleading will relate back to the date of the original pleading. N.C. Gen. Stat. § 1A-1, Rule 15(c) (1990). Therefore, it is illogical to rely on a now abandoned federal test to interpret our own clear rule. The instant case is the third reported decision this year which presents a Rule 15(c) problem. *See Medford v. Haywood County Hosp. Foundation, Inc.*, 115 N.C. App. 474, 444 S.E.2d 699 (1994) (Plaintiff filed complaint against Haywood County Hospital Foundation, trial court denied motion to amend complaint to change name of defendant to Haywood County Hospital); *Crossman*, 115 N.C. App. at 374, 444 S.E.2d at 631 (Plaintiff filed complaint against Van Dolan Moore and Dolan Moore Company, trial court refused to allow amendment naming Van Dolan Moore II as defendant to relate back).

This situation can be easily remedied by modifying the test in *Ring Drug* in accordance with the 1991 amendment to Federal Rule 15(c). If a party to be added to an action received notice of the institution of the action within the period for service provided by Rule 4 so as not to be prejudiced in maintaining a defense, and knew or should have known that but for a mistake concerning the identity of the proper party the action would have named that party, then the amendment should relate back to the time of the original pleading. Applying this interpretation to the instant case, I conclude that since plaintiffs served their initial complaint incorrectly naming "Winn Dixie Stores, Inc." as defendant upon C T Corporation System which was the registered agent for both Winn Dixie Stores, Inc. and Winn Dixie Raleigh, Inc., then the proper defendant, Winn Dixie Raleigh, Inc., received notice of the action so as not to be prejudiced in maintaining a defense. *See Anderson Trucking Service v. Key Way Transport*, 94 N.C. App. 36, 379 S.E.2d 665 (1989) (Service upon a registered agent was effective service upon the company).

My conclusion is consistent with the purpose of the Rules of Civil Procedure which is to insure a speedy trial by disregarding technicalities and form and instead proceed directly to the merits of an action, unlike the hoary system of pleading the rules replaced. *See Johnson v. Johnson*, 14 N.C. App. 40, 187 S.E.2d 420 (1972). Because I believe the majority elevates form over substance, I respectfully dissent.