RICHARD W. BAILEY, PLAINTIFF v. HANDEE HUGO'S, INC., AND SAMPSON-BLADEN
OIL COMPANY, INCORPORATED, DEFENDANTS

No. COA05-13

(Filed 18 October 2005)

**1. Parties— motion to amend to add new party—expiration of statute of limitations—no relation back—equitable estoppel inapplicable**

The trial court did not abuse its discretion in a slip and fall case by denying plaintiff's motion to amend to add a new party even though the insurance company misrepresented its insured for the pertinent property, because: (1) the trial court properly stated that the amendment to add a new party would be futile and unduly prejudicial; (2) the statute of limitations had run and would not stand against a new party; (3) relation-back does not apply; (4) equitable estoppel was inapplicable when a search of the Register of Deeds records would have revealed the owner of the land on which the incident occurred as well as the lease extended to the operator of the store; and (5) plaintiff failed to present his alternative theories on appeal before the trial court and thus they are waived.

**2. Premises Liability— slip and fall—motion to dismiss—failure to name responsible party**

The trial court did not err in a slip and fall case by granting defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(7), because: (1) the two named parties in the lawsuit had no responsibility for the premises where the incident at issue occurred; and (2) the party which plaintiff sought to add was the party who operated the premises where the incident occurred, there was no way for the court to cure the defect of failing to join the responsible party where the statute of limitations had expired, and any attempt to add the responsible party would have been futile.

**3. Premises Liability— slip and fall—summary judgment**

The trial court did not err in a slip and fall case by granting defendants' motion for summary judgment, because: (1) the affidavits, depositions, and discovery responses showed there was no named party in the case which could be held responsible; (2) a sister corporation cannot be held responsible for the acts of another corporation without evidence of complete dominion or

control; and (3) there was no evidence presented by plaintiff under which either named party could be held responsible.

**4. Appeal and Error— preservation of issues—failure to cite as assignment of error**

Although plaintiff contends the trial court erred by dismissing this slip and fall action with prejudice, this argument is deemed abandoned because this contention was not cited as an assignment of error.

Appeal by plaintiff from order entered 11 August 2004 by Judge Gary L. Locklear in Johnston County Superior Court. Heard in the Court of Appeals 14 September 2005.

*Bailey & Dixon, L.L.P., by Gary S. Parsons, Donald T. O'Toole; and Kirk, Kirk, Howell, Cutler & Thomas, L.L.P., by Philip G. Kirk, for plaintiff appellant.*

*Maupin Taylor, P.A., by Elizabeth D. Scott and Jonathan R. Bumgarner, for defendant appellees.*

McCULLOUGH, Judge.

Richard W. Bailey (plaintiff) appeals from order denying his motion to amend to add a new party, dismissing for failure to join a necessary party pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7) (2003) and pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). We affirm.

## Facts

Bailey alleged that he was injured in a slip and fall at the Handee Hugo's, Inc. (Handee Hugo's), convenience store located at 3220 Duraleigh Road in Raleigh, North Carolina. After the fall, Bailey was contacted by an independent adjusting company regarding his fall who indicated that they represented Federated Mutual Insurance Company (Federated) who insured Handee Hugo's. On 20 August 2001, Bailey received a letter from a claims supervisor at Federated which indicated that the correspondence was in regard to "an accident that occurred on April 18, 2001, at Handee Hugo's, 3220 Duraleigh Road, Raleigh, North Carolina" and that it was written on behalf of its insured, Sampson-Bladen Oil Co., Inc. (Sampson-Bladen). The letter further requested documentation regarding the accident and Bailey's signature on a medical release form in order to obtain records on the behalf of its insured. Later, in correspondence between Bailey's attorney and Federated, Mr. Bailey's attorney

requested verification of the insured party and was told once more that Sampson-Bladen Oil Co., Inc. was the insured because they operate the store where the accident occurred.

On 29 March 2004 Bailey filed a complaint against Handee Hugo's, Inc. (Handee Hugo's), and Sampson-Bladen. On 27 May 2004, defendants Handee Hugo's and Sampson-Bladen filed a motion to dismiss and answer. In the answer, Handee Hugo's and Sampson-Bladen raised Rules 12(b)(6) and 12(b)(7) motions to dismiss and alleged that neither Handee Hugo's nor Sampson-Bladen owned, leased, or operated the premises where Bailey's fall was alleged to have occurred. Mr. Bailey conducted discovery of Rogers Howell Clark, President of Sampson-Bladen. Clark testified that Sampson-Bladen and United Energy, Inc. (United) were sister corporations and that in fact United was the entity that leased the premises and operated the store.

On 19 July 2004, after several depositions had been taken, Bailey filed a motion to amend and add a new party, United, pursuant to N.C. Gen. Stat. § 1A-1, Rule 15 (2003). On 20 July 2004, Handee Hugo's and Sampson-Bladen filed a motion to dismiss for failure to join a necessary party under N.C. Gen. Stat. § 1A-1, Rule 12(b)(7) and failure to state a claim upon which relief could be granted under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Along with the motion to dismiss, Handee Hugo's and Sampson-Bladen submitted affidavits and exhibits showing that United was the party who leased and operated the store and that neither of the other two parties had any responsibility. Exhibits A through E contained certified copies of titles and transfers of property interest regarding the convenience store on 3220 Duraleigh Road from the Wake County Register of Deeds Office. The records show that at the time of the accident, Haddon and Irma Clark (the Clarks) owned the property where the store was located, having acquired it in 1995 from Olde Raleigh Shopping Center Associates Limited Partnership (Olde Raleigh). Olde Raleigh, before the transfer of title, had leased the property to Sohio Oil Co. (Sohio), now known as BP Exploration Oil, Inc. (BP). In 1993, Sohio assigned its rights and obligations under the lease to United. When the Clarks purchased the land from Olde Raleigh, they assumed all rights and obligations as lessor under the lease. Each of these transfers of property interest was recorded in the Wake County Register of Deeds.

On 11 August 2004 an order was entered denying Bailey's motion to amend finding that it would be futile and unduly prejudicial to the parties where the statute of limitations had run as to Bailey's action.

The order also stated that Bailey had failed to join a necessary party under Rule 12(b)(7). Further the court considered matters outside of the pleadings in the form of exhibits, depositions, affidavits and discovery responses, converting the Rule 12(b)(6) motion into a motion for summary judgment. The order also granted summary judgment in favor of Handee Hugo's and Sampson-Bladen where there was no genuine issue of material fact. Bailey's claims were thereby dismissed with prejudice.

Bailey now appeals.

I

**[1]** The trial court disposed of the instant case on two grounds: failure to join a necessary party pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7) and summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56. On appeal, Bailey first contends that the trial court erred in denying its motion to amend to add a new party. We disagree.

A motion to amend is left to the sound discretion of the trial court, and a denial of such motion is reviewable only upon a clear showing of abuse of discretion. *Walker v. Sloan*, 137 N.C. App. 387, 402, 529 S.E.2d 236, 247 (2000). The trial court's ruling "is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "If the trial court articulates a clear reason for denying the motion to amend, then our review ends." *Nationsbank of North Carolina v. Baines*, 116 N.C. App. 263, 268, 447 S.E.2d 812, 815 (1994).

In the instant case, the trial judge stated proper reasons in the order for denying the motion to amend: that an amendment to add a new party would be futile and unduly prejudicial. *See id.* (stating that acceptable reasons for which a motion to amend may be denied are "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice and futility of the amendment"). Moreover, the statute of limitations as to the instant action had run and would not stand against a new party. (If the effect of the amendment is to substitute for the defendant a new party, or add another party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run. *Callicutt v. Motor Co.*, 37 N.C. App. 210, 245 S.E.2d 558 (1978)). Furthermore, relation-back does not apply. (While Rule 15 of the North Carolina Rules of Civil Procedure permits the relation-back doctrine to extend

**BAILEY v. HANDEE HUGO'S, INC.**

[173 N.C. App. 723 (2005)]

periods for pursuing claims, it does not apply to parties. *Estate of Fennell v. Stephenson*, 354 N.C. 327, 554 S.E.2d 629 (2001)). It cannot be said that the decision was not a reasoned one nor that there was an abuse of discretion. A clear reason for denial was stated and therefore our review ends.

Bailey argues on appeal that the principles of equitable estoppel apply in accordance with the decision of this Court in *Hatcher v. Flockhart Foods, Inc.*, 161 N.C. App. 706, 589 S.E.2d 140 (2003), *disc. review denied*, 358 N.C. 234, 595 S.E.2d 150 (2004). However, there are detrimental differences between the *Hatcher* case and the instant case. In the *Hatcher* case the Court applied equitable estoppel where there was active misrepresentation on the part of the insurance company as to whom the insured was and, furthermore, there was no public record of the lease which indicated the responsible party on file in the Register of Deeds. In the instant case a search of the Register of Deeds would have revealed the owner of the land on which the incident occurred as well as the lease extended to the operator of the store.

The policy of this Court is to disallow one from gaining from their own active misrepresentation. *See Hatcher*, 161 N.C. App. 706, 589 S.E.2d 140. We do not condone the actions of the insurance company in this case and in fact find the misrepresentation reprehensible. However, this Court also holds that due diligence must be exercised in litigation. Where all transfers of property interest were a matter of public record, it is not an onerous burden for this Court to impose the task of a title search upon one filing suit. This assignment of error is overruled.

While Bailey asserts alternative theories on appeal for allowing the motion to amend, none of these theories were brought before the trial court. The record before this Court is devoid of any indication of alternative arguments before the trial court. This Court has repeatedly stated that a party "cannot swap horses between courts in order to obtain a better mount on appeal." *King v. Owen*, 166 N.C. App. 246, 250, 601 S.E.2d 326, 328 (2004).

## II

**[2]** Next, Bailey contends that the trial court erred in granting the motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7). We disagree.

Necessary parties must be joined in an action. *Crosrol Carding Developments v. Gunter & Cooke*, 12 N.C. App. 448, 183 S.E.2d 834

(1971). A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party. *Strickland v. Hughes*, 273 N.C. 481, 160 S.E.2d 313 (1968). "[D]ismissal under Rule 12(b)(7) is proper only when the defect cannot be cured[.]" *Howell v. Fisher*, 49 N.C. App. 488, 491, 272 S.E.2d 19, 22, *cert. denied*, 302 N.C. 218, 277 S.E.2d 69 (1981).

In the instant case, the two named parties in the lawsuit had no responsibility for the premises where the incident at issue occurred. Moreover, the party which Bailey sought to add, United, was the party who operated the premises where the incident occurred. The court found that the statute of limitations had run as to Bailey's action, and there is no contention on appeal that the statute of limitations had not expired. There was no way for the court to cure the defect of failing to join the responsible party where the statute of limitations had expired and any attempt to add them as a party would have been futile. This assignment of error is also overruled.

## III

**[3]** Lastly, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment. We disagree.

Matters outside the pleadings may be presented to the court and considered by it on a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), in which case the motion will be treated as one for summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). On a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party." *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 775 (1998). When determining whether the trial court properly ruled on a motion for summary judgment, this Court conducts a *de novo* review. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

The affidavits, depositions and discovery responses clearly showed that there was no party which could be held responsible named in the case. Sampson-Bladen, as a sister corporation of United,

could not be held responsible. (One corporation is not responsible for the acts of another corporation without evidence of complete domination and control. *See Glenn v. Wagner*, 313 N.C. 450, 454-59, 329 S.E.2d 326, 330-33 (1985)). Moreover, there was no evidence presented by Bailey under which either named party could be responsible. Where no recovery could be had by Bailey, it was proper for the court to dismiss the case.

**[4]** Bailey also attempts to argue on appeal that it was error for the trial judge to dismiss the action with prejudice. However, this contention was not cited as an assignment of error and is therefore abandoned. (All exceptions not set out are deemed abandoned. *See State v. Biggerstaff*, 226 N.C. 603, 39 S.E.2d 619 (1946)).

Accordingly, we affirm the denial of the motion to amend to add a new party and the granting of the motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(7) and 12(b)(6).

Affirmed.

Judges McGEE and JACKSON concur.