IN THE COURT OF APPEALS OF NORTH CAROLINA

No. 16-1187

Filed: 20 February 2018

Wake County, No. 15 CVS 11985

THE ESTATE OF EDUARDO ROBERTO RIVAS,
by and through Administrator MILETSY SOTO,
and MILETSY SOTO Individually, Plaintiffs,

v.

FRED SMITH CONSTRUCTION, INC., Defendant.

Appeal by plaintiffs from order entered on 27 June 2016 by Judge Orlando F. Hudson, Jr. in Wake County Superior Court. Heard in the Court of Appeals on 19 April 2017.

> *Poyner Spruill, LLP, by Cynthia L. Van Horne, and the Law Offices of Wade Byrd, P.A., by Wade E. Byrd, for plaintiffs-appellants.*

> *Dean & Gibson, PLLC, by Michael G. Gibson and Michael R. Haigler, for defendant-appellee.*

BERGER, Judge.

The Estate of Eduardo Roberto Rivas, by and through Miletsy Soto as administrator and individually, ("Plaintiffs") appeal from a June 27, 2016 order granting summary judgment in favor of Fred Smith Construction, Inc. ("Defendant"). Plaintiffs argue the trial court erred by granting Defendant's motion and denying their motions under N.C. Gen. Stat. § 1A-1, Rule 56(f) and Rule 15. We disagree.

Factual and Procedural Background

In March 2012, the State of North Carolina Department of Transportation ("NCDOT") awarded Contract No. C202996 ("Smith Project") to "FSC II LLC DBA FRED SMITH COMPANY" for 11.26 miles of road construction beginning at the Chatham County line on US-1 to US-64. The Smith Project was completed that same year.

In the early morning hours on November 27, 2013, Eduardo Roberto Rivas ("Rivas") hydroplaned off of US-1 in Cary, North Carolina. Upon exiting his vehicle to inspect for damage, Rivas was fatally struck by an oncoming vehicle that hydroplaned at the same location. Cary Police Department's Accident Reconstruction concluded neither vehicle was negligently or carelessly operated at the time of the accident.

Plaintiffs filed a complaint in the Wake County Superior Court against Defendant for negligence, breach of contract, third-party beneficiary claims, and punitive damages. On April 6, 2016, Defendant filed a motion for summary judgment pursuant to Rule 56 asserting it was incorrectly named as a party, and the Smith Project was performed in accordance with NCDOT standards. Plaintiffs filed a memorandum in opposition to Defendant's motion for summary judgement and requested leave from the trial court to amend their complaint and to allow further

discovery. The trial court granted Defendant's motion for summary judgment and dismissed Plaintiffs' claims with prejudice. Plaintiffs timely filed Notice of Appeal.

Analysis

On appeal, Plaintiffs argue the trial court erred in granting Defendant's motion under Rule 56 and denying their motions under Rule 56(f) and Rule 15. Specifically, Plaintiffs assert that there existed a genuine issue of material fact as to whether Defendant was a mere instrumentality of a third party, and that Plaintiffs should be permitted to amend their complaint after the statute of limitations had run to name the correct entity as a party to the suit. We disagree.

I.    Defendant's Rule 56 Motion

"Our standard of review of an appeal from summary judgment is de novo . . . ." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted). "[S]ummary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law.'" *Austin Maint. & Constr., Inc. v. Crowder Constr. Co.*, 224 N.C. App. 401, 407, 742 S.E.2d 535, 540 (2012) (citing N.C. Gen. Stat. § 1A-1, Rule 56(c)).

"The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Id.* (citation and quotation marks omitted). "If the moving party satisfies its burden of proof, then the

burden shifts to the non-moving party to 'set forth *specific facts* showing that there is a genuine issue for trial.' " *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)). In determining that there are no genuine issues of material fact, "[i]t is not the trial court's role to resolve conflicts in the evidence." *Wallen v. Riverside Sports Ctr.*, 173 N.C. App. 408, 413, 618 S.E.2d 858, 862 (2005) (citation omitted). Rather, the court's role is only to determine whether such issues exist. *Id.* (citation omitted).

In the case *sub judice*, Defendant submitted a memorandum in support of summary judgment with attached affidavits and exhibits to the trial court. Defendants argued at the motion hearing that Plaintiffs had sued the wrong entity, noting that Defendant answered the complaint prior to expiration of the statute of limitations. Said answer specifically denied being the company that had built the section of the roadway in question.

Plaintiffs submitted a memorandum with an affidavit and also argued at the motion hearing that Defendant was part of an overlapping structure of corporations that operate as alter egos and mere instrumentalities of each other, and that further discovery would be necessary to resolve this issue. Specifically, Plaintiffs argued that the two entities, FSC II and Defendant, shared a business address, overlapping personnel, and common ownership by a third entity. However, Plaintiffs failed to

offer substantive evidence to create a disputed issue of material fact to withstand summary judgment.

To prove an alter ego relationship between corporate entities, a claimant must establish three things:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Fischer Inv. Capital, Inc. v. Catawba Dev. Corp.*, 200 N.C. App. 644, 650, 689 S.E.2d 143, 147 (2009) (citation omitted). Plaintiffs contended that the following evidence was sufficient to create a disputed issue of material fact regarding the alter ego relationship:

(1) Defendant, which is owned by Construction Partners, Inc., in turn owns FSC II, a limited liability company;

(2) Defendant has no employees and earns no revenue;

(3) Defendant was created by Construction Partners, Inc. in 2011 to serve as the legal owner of FSC II for tax and operating purposes;

(4) FSC II does business as Fred Smith Company, and Defendant, as legal owner of FSC II, also has the right to do business as Fred Smith Company;

(5) FSC II's sole member manager also serves as registered agent for Defendant; and

(6) FSC II and Defendant share the same business address, contrary to the deposition testimony by witnesses for Defendant.

Plaintiffs' evidence was insufficient to create a genuine issue of material fact regarding the alleged alter ego relationship. Instead, Plaintiffs' evidence merely gives rise to conjecture and speculation that Defendant and its affiliate are alter egos of one another. Plaintiffs contend the evidence presented is sufficient to withstand a motion for summary judgment in this regard, relying on prior decisions by this Court. However, these decisions are distinguishable both factually and procedurally from the case *sub judice* and are not applicable as precedent. *See Timber Integrated Invs., LLC v. Welch*, 225 N.C. App. 641, 653, 737 S.E.2d 809, 818 (2013) (reversing summary judgment because the trial court refused to review material evidence offered at the summary judgment hearing); *see also Monteau v. Reis Trucking & Constr., Inc.*, 147 N.C. App. 121, 127, 553 S.E.2d 709, 713 (2001) (reversing summary judgment where plaintiff submitted evidence that corporate defendant was undercapitalized, commingled funds with individual owners, failed to meet payroll, and failed to keep formal financial records).

Plaintiffs argued in an oral 56(f) motion that it would be premature to grant summary judgment at that juncture in the proceeding. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, *the court may* refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

N.C. Gen. Stat. § 1A-1, Rule 56(f) (2017) (emphasis added). Because discovery is used to disclose "any relevant unprivileged materials and information, . . . motions for summary judgment generally should not be decided until all parties are prepared to present their contentions on all issues raised." *Ussery v. Taylor*, 156 N.C. App. 684, 686, 577 S.E.2d 159, 161 (2003) (citations omitted). Nevertheless, the trial court's decision to grant or deny summary judgment before the completion of discovery will only be reversed upon a showing of a manifest abuse of discretion. *See Evans v. Appert*, 91 N.C. App. 362, 367-68, 372 S.E.2d 94, 97, *disc. review denied*, 323 N.C. 623, 374 S.E.2d 584 (1988); *see also White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.") Therefore, the trial court's decision to disallow further discovery is reviewed under an abuse of discretion standard.

Here, nine months and twenty-four days elapsed from the filing of Plaintiffs' Complaint to the trial court's order for summary judgment. During this time, Defendant produced affidavits, corporate records, and depositions from Alan Palmer ("Palmer") and F. Jule Smith, III ("Jule Smith"). The trial court inquired: "[W]hat do you believe the evidence that you are looking for is going to show? Defense counsel says that . . . your evidence is not going to show anything different than what the discovery already shows now." Plaintiffs' counsel stated that it spoke directly to the existence of a genuine dispute of material fact, such as potential overlapping officers or financial situations.

Regardless of whether outstanding discovery requests existed at the time summary judgment was ordered, Plaintiffs failed to meet their burden of showing the trial court abused its discretion by granting summary judgment. Defendant produced sufficient information that Plaintiffs had named the wrong entity, and failed to amend or otherwise correct the error in the complaint. The information set forth in discovery included affidavits, articles of incorporation, and depositions sufficient for the trial court to make a reasoned ruling on Plaintiffs' and Defendant's motions. Even if Plaintiffs' arguments are persuasive, we find no abuse of discretion on behalf of the trial court's decision to deny Plaintiffs' Rule 56(f) motion.

Furthermore, we hold that there was no genuine issue of material fact before the trial court regarding Defendant's liability. Plaintiffs acknowledged that they

sued the wrong legal entity. Thus, Defendant was entitled to judgment as a matter of law. The trial court did not err when granting Defendant's Rule 56 motion.

II.     <u>Plaintiffs' Rule 15 Motion</u>

Plaintiffs contend the trial court erred by denying their Rule 15 motion to amend their complaint to include the proper name of Defendant on the grounds of alter ego and mere instrumentality, despite the statute of limitations having expired. We disagree.

Rule 15 provides in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (2017).

> Generally, Rule 15 is construed liberally to allow amendments where the opposing party will not be materially prejudiced. . . . [O]ur standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion. Denying a motion to amend without any justifying reason appearing for the denial is an abuse of discretion. However, proper reasons for denying a motion to amend include undue delay by the moving party[,] . . . unfair prejudice to the nonmoving party[,] . . . bad faith, futility of amendment, and repeated failure to cure defects by previous amendments. When the trial court states no reason for its ruling on a motion to amend, this Court may examine any apparent reasons for the ruling.

*Delta Env. Consultants of N.C. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165-66, 510 S.E.2d 690, 694 (citations omitted), *disc. review denied*, 350 N.C. 379, 536 S.E.2d 70 (1999).

"Our Supreme Court has stated that 'substitution in the case of a misnomer is not considered substitution of new parties, but a correction in the description of the party or parties actually served.' " *Franklin v. Winn Dixie Raleigh, Inc.*, 117 N.C. App. 28, 34, 450 S.E.2d 24, 28 (1994) (brackets omitted) (quoting *Blue Ridge Electric Membership Corporation v. Grannis Bros. Inc.*, 231 N.C. 716, 720, 58 S.E.2d 748, 751 (1950)), *aff'd per curiam*, 342 N.C. 404, 464 S.E.2d 46 (1995). "A misnomer is a 'mistake in name; giving an incorrect name to the person in accusation, indictment, pleading, deed, or other instrument.' " *Pierce v. Johnson*, 154 N.C. App. 34, 39, 571 S.E.2d 661, 665 (2002) (brackets omitted) (quoting Black's Law Dictionary (6th ed. 1990)). If "the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, . . . the misnomer or misdescription may be corrected by amendment at any stage of the suit." *Franklin*, 117 N.C. App. at 34, 450 S.E.2d at 28 (citation omitted). "However, if the amendment amounts to a substitution or entire change of parties, . . . the amendment will not be allowed." *Id.* (citation and quotation marks omitted). Accordingly, an attempt to amend a complaint to include a "separate and distinct corporation" at the time the cause of action accrues amounts to adding a new party rather than correcting a misnomer. *See id.* at 35, 450 S.E.2d

at 28. Substantive mistakes, such as naming a wrong corporate defendant, are potentially fatal to actions. *Id.*

Rule 15 allows for the relation-back doctrine to apply when amending a pleading to assert *claims*, but it does not apply to *parties* after the statute of limitations expires. *Bailey v. Handee Hugo's, Inc.*, 173 N.C. App. 723, 726-27, 620 S.E.2d 312, 315 (2005) (emphasis added) (citation omitted). *See also* N.C. Gen. Stat. § 1A-1, Rule 15(c) (2017) ("A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed . . . ."). "If the effect of the amendment is to substitute for the defendant a *new party*, or add *another party*, such amendment amounts to a new and independent cause of action and *cannot be permitted when the statute of limitations has run.*" *Bailey*, 173 N.C. App. at 726, 620 S.E.2d at 315 (emphasis added) (citation omitted).

Here, Plaintiffs sought to amend their complaint to add FSC II, d/b/a Fred Smith Company, after the statute of limitations had expired. Plaintiffs filed their complaint on September 3, 2015, and the statute of limitations ran on November 27, 2015, twenty-two days after Defendant had denied being the correct company in their answer in response to Plaintiffs' complaint. Plaintiffs requested to amend their complaint by leave of the trial court more than six months later by oral motion on June 5, 2016.

In the case *sub judice*, the statute of limitations expired 191 days before Plaintiffs moved to amend. Accordingly, amending the complaint to add FSC II, d/b/a Fred Smith Company, would amount to adding a new party and would be futile since the statute of limitations had expired, thus the trial court did not abuse its discretion by denying Plaintiff's Rule 15 motion.

Conclusion

The trial court did not err in granting Defendant's motion for summary judgment, and we affirm the trial court's denial of Plaintiffs' Rule 56(f) motion and Rule 15 motion to amend their complaint.

AFFIRMED.

Judges ELMORE and INMAN concur.