An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-782

Filed 1 April 2026

Wayne County, No. 24E000426-950

IN THE MATTER OF THE ESTATE OF IRENE ROBINSON ALFORD, DECEASED.

Appeal by Caveators from judgment and order entered 3 April 2025 by Judge A. Graham Shirley in Wayne County Superior Court. Heard in the Court of Appeals 11 February 2026.

> *Baddour, Parker, Hine & Hale, PC, by Philip A. Baddour, Jr. for the propounder-appellee.*
>
> *McIntyre Elder Law, PLLC, by Brenton S. Begley, for the caveators-appellants.*

WOOD, Judge.

Mark Kenric Alford ("Mark") and Anja Maurica Rogers ("Anja") (together "Caveators") appeal from a judgment granting James Rodney Holder's ("Propounder") motion for summary judgment and an order denying Caveators' Rule 56(f) request. On appeal, Caveators contend the trial court erred by denying Caveators' motion for

additional time for discovery under Rule 56(f) and granting Propounder's motion for summary judgment on the issues of lack of testamentary capacity and undue influence. After careful review of the record, we affirm the trial court's orders granting Propounder's motion for summary judgment on the issues of lack of testamentary capacity and undue influence and denying Caveators' motion under Rule 56(f).

## I. Factual and Procedural Background

As our Supreme Court has explained, "[i]n review[ing] [a] motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party." *Value Health Sols., Inc. v. Pharm. Rsch. Assocs., Inc.,* 385 N.C. 250, 267, 891 S.E.2d 100, 114 (2023). Therefore, we summarize all evidence in the light most favorable to Caveators as required by this standard. *Id.*

Irene Robinson Alford ("Decedent") married Maurice Gilbert Alford ("Maurice") as a second marriage for both parties. At the time of their marriage, both had adult children from previous relationships. Maurice's son, Mark, and daughter, Anja, are the Caveators. Decedent's son, James, is the Propounder. Caveators report strong family relationships existed prior to Decedent's death.

On 5 May 2015, Decedent and Maurice each executed a "mirror" will. Each will left the entirety of the decedent's estate to their spouse but if their spouse predeceased the decedent, the residuary went to all three children. Under the terms

of Decedent's 2015 will, if Maurice predeceased her, fifty percent went to Propounder, and the other fifty percent was split equally leaving twenty-five percent to each of the Caveators.

Maurice died in 2020. On 1 November 2021, a law office in Texas sent a letter to Decedent on behalf of Caveators concerning the animosity that had arisen between the parties and requesting "transparency" about the financial circumstances surrounding Maurice's estate.

On 17 November 2021, Attorney Tommy Jarrett responded on behalf of Decedent to Caveators' letter declining to give more information other than the deeds to the couple's properties which were the bulk of the estate and were titled as an "estate by the entireties." As Attorney Jarrett explained, under the law upon the death of one spouse the properties continued in title for the remaining spouse as each spouse owns the entire estate in single ownership. *Lang v. Comm'r of Internal Revenue*, 289 U.S. 109, 111, 53 S. Ct. 534, 535, 77 L. Ed. 1066, 1068 (1933); *Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 567 (1924)

On 19 July 2022, Decedent executed an updated will. The updated will revoked the previous 2015 will and left her entire estate to Propounder, or in the event Propounder predeceased her, to his children. The will expressly stated, "For reasons satisfactory to myself, I make no provision for any of my stepchildren."

On 11 February 2024, Decedent was admitted to the hospital following a fall. Medical records reported

> [S]on indicate[s] concerns for cognitive decline over the last year, family history of dementia, but that patient was generally more functional and independent at baseline. Never formally diagnosed, but suspected dementia. Likely worse in the acute setting from delirium. Seems to be doing better this morning with switch to quetiapine yesterday.

Decedent died on 31 March 2024. One of the two underlying causes listed on her death certificate was dementia.

On 6 May 2024, Propounder submitted the 2022 will for probate. The clerk filed the will and issued Letters Testamentary to Propounder.

On 20 September 2024, Caveators filed a verified caveat challenging the 2022 will for lack of testamentary capacity and undue influence. The clerk transferred the matter to Superior Court pursuant to N.C. Gen. Stat. § 31-33(a).

On 26 February 2025, Propounder filed a motion for summary judgment along with affidavits from Propounder and Decedent's attorney, as well as medical records from 2022 contemporaneous with the signing of the 2022 will. Propounder served Caveators notice of hearing for 31 March 2025.

On 20 March 2025[1], Caveators filed a motion to continue the 31 March hearing until the 28 April 2025 term of court, noting a scheduling conflict due to their attorney having a hearing scheduled in Cleveland County that same day. On 19 March 2025, Propounder filed a response in which he noted that the Cleveland County matter was "scheduled for a 'District' Non-Jury Administrative Term" commencing 31 March 2025 for a one-day hearing and was expected to be resolved on 31 March. Propounder objected to Caveators' request to continue and requested that "the hearing on the Motion for Summary Judgment herein be scheduled for Tuesday, April 1, 2025, or soon thereafter as the matter can be heard by the presiding Judge during the week of March 31."

On 20 March 2025, the trial court scheduled the hearing for 1 April 2025.

On 31 March 2025, Caveators filed a memorandum opposing summary judgment and seeking relief under Rule 56(f) to complete discovery.

The hearing on the motion for summary judgment and motion for relief under Rule 56(f) was held 1 April 2025. Attorneys for both the Propounder and Caveators presented arguments. On 3 April 2025, the trial court denied the Rule 56(f) motion

---

[1] The file stamp on Caveators' motion was dated 20 March 2025 however both the motion and the corresponding certificate of service were signed 13 March 2025 and served by U.S. mail. Therefore, delivery and processing time impacted the date of the file stamp. Propounder's response and the corresponding certificate of service were signed and emailed on 19 March 2025. This resulted in the Propounder's response being filed prior to Caveators' initial motion.

and granted summary judgment for Propounder. Caveators timely appealed on 22 April 2025.

## II.  Analysis

Caveators raise two issues on appeal asserting the trial court erred by (1) denying Caveators' motion for addition time for Discovery under Rule 56(f) and (2) granting Propounder's motion for summary judgment on the issues of lack of testamentary capacity and undue influence. After careful review of the record, we affirm the trial court's orders.

### A. Rule 56(f)

"[T]he trial court's decision to grant or deny summary judgment before the completion of discovery will only be reversed upon a showing of a manifest abuse of discretion. Therefore, the trial court's decision to disallow further discovery is reviewed under an abuse of discretion standard." *Est. of Rivas v. Fred Smith Constr., Inc.*, 258 N.C. App. 13, 17, 812 S.E.2d 867, 871 (2018) (cleaned up).

Rule 56 of the Rules of Civil Procedure provides:

> (f) When affidavits are unavailable.—Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

N.C. Gen. Stat. § 1A–1, Rule 56(f). "A verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." *Rankin v. Food Lion*, 210 N.C. App. 213, 220, 706 S.E.2d 310, 315 (2011) (quoting *Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings,* 196 N.C. App. 600, 605, 676 S.E.2d 79, 83–84 (2009)). However, "[t]o prevail on a Rule 56(f) motion, the moving party has the burden of showing why additional discovery is necessary and how that discovery will create a genuine issue of material fact. *Ripellino v. N.C. Sch. Bds. Ass'n, Inc.*, 158 N.C. App. 423, 426, 581 S.E.2d 88, 91 (2003).

In the case *sub judice* Caveators filed a verified caveat on 20 September 2024 which could be treated as an affidavit if it met the three requirements laid out in *Rankin*. However, beyond the basic demographic information required, the caveat merely stated:

> Upon information and belief, the Propounded Will is not the Last Will and Testament of Decedent for the following reasons:
>
> a. Undue Influence: It is believed that Irene Robinson Alford suffered from dementia at the time of the execution of the typed document dated July 19, 2022. Upon information and belief, her condition significantly impaired her ability to make sound decisions and rendered her susceptible to undue influence. It is believed that Irene was unduly influenced by her son, James Rodney Holder, to alter her will, making him the sole beneficiary of her

estate.

> b. Lack of Testamentary Capacity: Given Irene's dementia, upon information and belief, it is doubtful that she possessed the requisite testamentary capacity to understand and execute a valid legally enforceable Last Will and Testament on July 19, 2022. It is unlikely that Irene had the mental capacity to understand the nature and extent of her property and the consequences of her decisions.

These statements based on "information and belief" are no more than mere conclusory speculation. *Wells Fargo Ins. Servs. USA, Inc. v. Link*, 372 N.C. 260, 281, 827 S.E.2d 458, 475 (2019). What Caveators "believe" and think is "doubtful" is not based upon their personal knowledge or supported by facts about which they could testify.

Significantly, when questioned by the trial court, Caveators stated that although they had filed the caveat over six months ago, had received all of Decedents medical records in discovery, had known about the summary judgment motion for over a month, and had the affidavits from Propounder for over a month, they had not provided any affidavits of their own and had not requested discovery or depositions of Propounder's affiants until the day before the hearing. Further, when the trial court questioned how the additional depositions would create a genuine issue of material fact, Caveators' only response was that Attorney Jarrett's affidavit was a "self-serving affidavit" and they "would expect nothing less from the attorney who drafted the will." Their argument hinged on finding Attorney Jerrett either lied or engaged in poor attorney practices, although they presented no evidence to support

that supposition.

Based on Caveators' conclusory speculation in their verified caveat and their negligible effort in supplementing that material, paired with limited explanation as to how additional discovery would support a genuine issue of a material fact, the trial court did not abuse its discretion by denying their Rule 56(f) motion.

## B. Summary Judgment

"The standard of review for summary judgment is de novo." *Value Health Sols., Inc. v. Pharm. Rsch. Assocs., Inc.*, 385 N.C. 250, 267, 891 S.E.2d 100, 114 (2023). "'De novo' is a Latin phrase meaning 'fresh' or 'anew.' Thus, when reviewing a matter de novo, the reviewing court considers the matter anew and freely substitutes its own judgment for that of the lower courts." *Savage v. N.C. Dep't of Transp.*, 388 N.C. 196, 200, 919 S.E.2d 144, 147 (2025) (cleaned up).

> Summary judgment is appropriate when no genuine issue of material fact exists, and a party is entitled to judgment as a matter of law. Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. A genuine issue is one that can be maintained by substantial evidence. In review of the motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party.

*Fox v. Lenoir-Rhyne Univ.*, 296 N.C. App. 613, 617, 909 S.E.2d 750, 754 (2024), review

denied, 915 S.E.2d 174 (N.C. 2025) (quoting *Value Health Sols., Inc. v. Pharm. Research Assocs., Inc.*, 385 N.C. 250, 267, 891 S.E.2d 100, 114 (2023)). "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000). "To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment." *Saulsby v. Amphastar Pharms., Inc.*, __ N.C. App. __, __, 919 S.E.2d 727, 730 (2025).

In the case *sub judice* Propounder provided uncontested affidavits and medical records that demonstrate Decedent lived on her own after the passing of her husband, drove herself to her attorney's office twice, provided her attorney a reason for her decision to change her will, was at all times "mentally very clear of mind, alert, lucid, and spoke clearly and distinctly" when she interacted with her attorney, and was not diagnosed with dementia or any other cognitive issues until two-years after she signed her last will. Therefore, the burden shifted to Caveators to demonstrate at least some specific facts sufficient to establish a *prima facie* case at trial. Caveators failed to meet this burden. The verified caveat stated it was "believed that [Decedent] suffered from dementia at the time of the execution," was believed that Propounder unduly influenced her, and was "doubtful that she possessed the requisite

testamentary capacity." These conclusory beliefs and doubts are mere allegations and do not contain the specific facts necessary to support a *prima facie* case for trial. Therefore, we conclude the trial court did not err in granting summary judgment for Propounder.

## III.   Conclusion

For the foregoing reasons, we conclude the trial court did not abuse its discretion by denying the Rule 56(f) motion, and we affirm the trial court's order granting summary judgment.

AFFIRMED.

Judges COLLINS and STADING concur.

Report per Rule 30(e).